IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| NATHANIEL LEE SMITH, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. AW-13-796 |
| | * | Criminal No. AW-10-216 |
| UNITED STATES OF AMERICA | * | |
| Defendant. | * | |

**<u>MEMORANDUM OPINION</u>**

Before the Court is Petitioner/Defendant Nathaniel Lee Smith ("Petitioner")'s Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court will, by separate order, **DENY** Petitioner's Motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On February 17, 2010, Petitioner was arrested in Montgomery County, Maryland for theft, assault, robbery, kidnapping, and burglary. Over time, all charges were dropped except for theft, which resulted in a federal charge of possession of a firearm after a felony conviction. Additionally, on February 26, 2010, Petitioner was sentenced on state drug charges in Prince George's County, Maryland for a term of five years' imprisonment with two years suspended.

After a series of transfers between Prince George's County, Montgomery County, and Maryland state prison, on May 18, 2010, Petitioner was transferred into federal custody. On March 21, 2011, before this Court, Petitioner pleaded guilty to one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Petitioner was sentenced

1

to 78 months' imprisonment for the felony firearm possession to run consecutively with 11 months for violating federal supervised release (AW 04-0388), for a total sentence of 89 months. During sentencing, this Court credited Petitioner time served dating as far back as February 17, 2010. On September 11, 2011, Petitioner was transferred into state custody, where he served the conclusion of his state sentence and, on February 9, 2013, Petitioner returned to the Federal Bureau of Prisons, where he remains. On April 2, 2013, the Court entered an Amended Judgment clarifying the credit Petitioner received for time served since February 17, 2010. Doc. No. 45.[1]

The pending Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 was filed on April 4, 2013. Doc. No. 47. Petitioner requests that the Court consider his pro se motion liberally and appoint counsel in its discretion. *Id.* at 1. Next, Petitioner requests that this Court use the Supreme Court's ruling in *Setser v. United States*, 132 S. Ct. 1463 (2012), to vacate his conviction and sentence in order to resentence him according to "how the honorable judge intended his sentence to be executed." Doc. No. 47 at 5. Accordingly, Petitioner asks the Court to interpret *Setser*, which addressed who had the authority to impose consecutive or concurrent sentences prior to anticipated but undecided state sentences, as recognizing a new right that should be applied retroactively. *Id*. at 2-3. Petitioner argues that the holding in *Teague v. Lane*, 489 U.S. 288 (1989), which establishes a standard for retroactivity of criminal procedural rules, is inapplicable here because *Setser* announced new substantive rules, which generally apply retroactively. Doc. No. 47 at 2-3. The Government filed a Response in opposition to Petitioner's Motion on June 17, 2013. Doc. No. 59. Petitioner subsequently

---

[1] On April 22, 2013, after Petitioner filed his Motion under 28 U.S.C. § 2255, he filed an appeal of the Court's Amended Judgment. The Court discerns no reason not to proceed with consideration of the § 2255 petition, as the Amended Judgment appears to have no bearing on the arguments Plaintiff raises in his petition.

requested an extension of time to file a reply brief, and the Court granted Petitioner until August 19, 2013 to file a reply. Doc. No. 62. Despite being granted that extension, Petitioner never filed a reply brief. Accordingly, the petition is ripe for the Court's consideration.

## II.     ANALYSIS

### A.     Timeliness of Petitioner's Motion

Petitioner contends that his § 2255 petition was timely because he filed within one year from the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner argues that the Supreme Court's ruling in *Setser*, which was decided on March 28, 2012, established a new right within the guidelines of § 2255(f)(3). Doc. No. 47 at 2. Although the motion was filed after the one-year period expired on March 28, 2013, Petitioner asserts, and the Government does not contest, that he submitted the motion via his prison's internal mailing system on March 25, 2013. Doc. No. 59 at 2. Therefore, under the "Inmate Filing" procedures stated in Rule 3(d) of the Federal Rules Governing 28 U.S.C. §§ 2254 and 2255 Cases, and per the "prison mailbox rule," announced in *Houston v. Lack*, 487 U.S. 266 (1998), the motion is timely. Therefore, this Court will look to the merits of his argument.

### B.     Consideration of Petitioner's Motion and Appointment of Counsel

The Court considers this matter with the liberal construction afforded to pro se petitioners seeking relief since "[d]ocuments filed pro se are . . . held to less stringent standards than formal pleadings drafted by lawyers." *Saracay-Orellana v. United States*, Crim. No. RDB-10-0590, 2013 WL 2490235, at *3 (D. Md. June 7, 2013) (internal quotation marks omitted) (citing

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, because the power to appoint counsel is discretionary and this cause of action is neither overly complex nor one where Petitioner cannot adequately represent himself, the Court finds no exceptional circumstances requiring the appointment of counsel. *Cf. Cook v. Bounds*, 518 F.2d 799, 780 (4th Cir. 1975).

**C.  Petitioner's claim is dissimilar from the facts and holding of *Setser***

In *Setser*, the Supreme Court considered the matter of Monroe Setser, a defendant who pleaded guilty in federal district court and was sentenced prior to an anticipated but undecided state sentence. 132 S. Ct. at 1466. The federal sentence mandated that Setser serve 151 months' imprisonment, to run consecutively to the expected state probation violation sentence and concurrently to the anticipated state methamphetamine possession sentence. However, controversy arose because the state's subsequently imposed sentence, directing both state counts to run concurrently, made the federal sentencing orders impossible to enforce. Consequently, Defendant Setser questioned whether the district judge or Bureau of Prisons should decide if the sentence runs concurrently or consecutively. Choosing the former, the Supreme Court deemed the subsequently applied state sentences irrelevant and looked only at the federal sentence imposed. The Court explained that "the reasonableness standard we apply in reviewing federal sentences asks whether the district court abused its discretion." *Setser*, 132 S. Ct. at 1472 (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). The Court found that the sentence imposed was reasonable and the district court was correctly within its discretion to impose a sentence to run both concurrently and consecutively with the anticipated state sentences. *Id.* at 1472-73.

Here, Petitioner's motion is without merit because the facts leading to the controversy in *Setser* are inconsistent with Petitioner's stated account of events in the present case. Notably, this

4

Court sentenced Petitioner *after* the state court imposed a sentence of five years' imprisonment with two years suspended. *See* Doc. No. 41. Therefore, the confusion in *Setser* about the implementation of the federal sentence as a result of the subsequently applied state sentence is absent here. The sentence imposed by this Court was appropriate in light of the federal sentencing guidelines, consistent with the presentence report prepared by the U.S. Probation Office, and less than the maximum sentence permitted by statute, as acknowledged in Petitioner's plea agreement. *See* Doc. No. 34.

Moreover, this Court did not abuse its discretion. Looking only at the imposed federal sentence, as the Supreme Court did in *Setser*, it is clear that Petitioner was appropriately sentenced. In fact, the Court was more than reasonable in that it granted Petitioner time served dating back to February 17, 2010, when Petitioner was held on state charges in Montgomery County. *See* Doc. Nos. 41, 45. Therefore, having already granted Petitioner relief during sentencing, the Court is not inclined to take additional measures at this time.

### D. *Setser* **does not retroactively apply to impact Petitioner's sentence**

Addressing Petitioner's retroactivity argument, Petitioner and the Government dispute whether *Setser* announces a new rule, which may impact Petitioner's sentencing if applied retroactively. The Supreme Court explained that "a case announces a new rule when it breaks ground or imposes a new obligation on the States or the Federal Government," meaning the case's "result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301. Conversely, a rule is not new if it is "merely an application of the principle that governed" a previous decision. *Yates v. Aiken*, 484 U.S. 211, 217 (1988).

Here, the Government contends that the Supreme Court did not announce a new rule in *Setser*, but rather reiterated that district courts have traditionally held discretion on similar issues under 18 U.S.C. § 3584 and that judges possess the discretion to impose consecutive or concurrent sentences even for anticipated but undecided state sentences. On the other hand, *Setser* is arguably a new rule because it is highly possible that the Court's holding in *Setser* establishes new ground. Section 3584 speaks to multiple sentences "imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584. It does not comment on the situation addressed in *Setser*, where the district court imposed sentences to run concurrently and consecutively to anticipated but not yet imposed state sentences. As a result, the Supreme Court may have adopted a fresh interpretation of § 3584, making a rule new for the purposes of retroactivity analysis.

The Court does not need to accept either argument, however, as the Court cannot apply *Setser* retroactively. Even assuming what Petitioner urges this Court to accept, that *Setser* announces a new rule, this Court cannot make such a leap to declare it applicable to Petitioner's sentence without considering all of the factors of retroactivity, especially those articulated in *Teague*. This includes the general principle that new substantive rules apply retroactively, but new procedural rules are solely applied to "all defendants whose convictions are not final when the rule is announced." *Teague*, 489 U.S. at 319.

Substantive rules "narrow the scope of a criminal statute by interpreting its terms," "alter[] the range of conduct or the class of persons that the law punishes," or "produce a class of persons convicted of conduct the law does not make criminal." *Schriro v. Summerlin*, 542 U.S.

6

348, 352-53 (2004). Petitioner contends that *Setser* establishes a substantive rule because it is a statutory interpretation of 18 U.S.C. § 3584(a), making it a retroactive decision applicable to the § 2255(f)(3) claim. The Court finds otherwise because *Setser*, in choosing who has the authority to impose consecutive or concurrent sentences, has none of the aforementioned effects.

If anything, when supposing that *Setser* established a new rule, it is a procedural rule. For a new procedural rule to apply retroactively, it must fit within two exceptions. The first is reserved for rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Teague*, 489 U.S. at 311 (citation omitted). *Setser*'s directive lands outside this exception. The second exception is reserved for rules that establish principles "implicit in the concept of ordered liberty," akin to "watershed rules of criminal procedure" that implicate the fundamental fairness of the criminal proceeding. *Teague*, 489 U.S. at 311 (quoting *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). This extremely narrow exception is reserved for rules that "properly alter our understanding of the *bedrock procedural elements* that must be found to vitiate the fairness of a particular conviction," such as the Supreme Court's ruling in *Gideon v. Wainwright*, 372 U.S. 335 (1963), which required states to provide defendants with their Sixth Amendment right to assistance of counsel in all criminal proceedings. *Teague*, 489 U.S. at 311. Here, *Setser*'s clarification about imposing concurrent and consecutive sentences, particularly in advance of anticipated but not yet imposed state sentences, does not meet this stringent standard. As a result, even if the Court decided *Setser* announced a new procedural rule, it would not apply retroactively to alter Petitioner's sentence.

### III.  CONCLUSION

The Court has gone to great lengths to liberally construe Petitioner's § 2255 motion. After careful consideration, the Court concludes that Petitioner's claims are without merit because, even assuming that the Supreme Court's ruling in *Setser* announced a new rule, it is not one that applies retroactively to alter Petitioner's sentence. Moreover, the facts in *Setser* are significantly different from those in Petitioner's case. Therefore, Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 will be **DENIED**.

## IV. A CERTIFICATE OF APPEALABILITY

There is no absolute entitlement to appeal a district court's denial of a Motion under § 2255. *See* 28 U.S.C. § 2353(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). It is the Court's view that Petitioner has raised no arguments that cause this Court to view the issues as debatable, find that the issues could have been resolved differently, or conclude that the issues raise questions which warrant further review. Accordingly, the Court denies a Certificate of Appealability.

A separate Order will be issued.

| August 28, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |